Per Curiam.

We are of the opinion that the clause in a lease, providing that any expense, including reasonable attorney’s fees, incurred by the landlord in any proceeding instituted by reason of the tenant’s default “ hereunder ” shall be deemed to be additional rent “ hereunder ”, is carried over, as are other provisions of the lease, to the tenant’s occupancy during the period in which he remains in possession under the emergency rent law after the expiration of the term of the lease. Default in the payment of the emergency rent is not merely a statutoiw default; it is a default under the lease. True, the tenant remains in possession by virtue of the statute and must pay rent measured by the statute, but the continued occupancy permitted by the statute stems from the lease and the tenancy created thereby, and the emergency rent is fixed on the basis of the rental established in the lease. With the terms of the lease otherwise remaining in force, it may not fairly be said that the rent payable during the emergency period is merely a statutory rent and is not under the lease.
The obligation of the tenant under the lease to reimburse the landlord for expenses incurred in remedying the tenant’s default is a substantial obligation of the lease under section 8 of the Business Rent Law (L. 1945, ch. 314, § 8). It properly applies to a proceeding which the landlord is compelled to institute to collect the emergency rent. As the tenant’s failure to pay the counsel fee incurred in collecting the emergency rent is a violation by the tenant -of a substantial obligation of the lease, entitling the landlord to dispossess the tenant, the landlord may collect the counsel fee in a summary proceeding.
The determination of the Appellate Term should be reversed and the final order of the Municipal Court affirmed, with costs and disbursements to the landlord in this court and in the Appellate Term.